IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Craig B. Shaffer

Civil Action No. 06-cv-01158-CBS-MJW

JEFFREY A. BOOMHOWER,
    Plaintiff,
v.

BNSF RAILWAY COMPANY, a corporation, f/k/a BURLINGTON NORTHERN SANTA FE RAILWAY COMPANY, a Delaware corporation,
    Defendant.
_____

ORDER
_____

This civil action comes before the court on Defendant BNSF Railway Company's ("BNSF") "Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56" (filed September 17, 2007) (doc. # 28). On March 12, 2007, the above-captioned case was referred to Magistrate Judge Craig B. Shaffer to handle all dispositive matters including trial and entry of a final judgment in accordance with 28 U.S.C. 636(c), Fed. R. Civ. P. 73, and D.C. COLO. LCivR 72.2. (*See* doc. # 9). The court has reviewed BNSF's Motion, Plaintiff's Response (filed October 10, 2007) (doc. # 36), BNSF's Reply (filed October 22, 2007) (doc. # 38), the exhibits, the entire case file, and the applicable law and is sufficiently advised in the premises.

Mr. Boomhower alleges two claims pursuant to the Federal Employers Liability Act ("FELA"), 45 U.S.C. § 51, for low back pain caused by cumulative trauma he suffered while employed for BNSF between 1975 and 2004 and for specific injury to his back in December 2004 caused by his use of a 1995 Ford truck with an "ill-suited" seat. BNSF has moved for summary judgment on the First Claim for Relief based on the

1

statute of limitations. "Under FELA, to maintain a claim against an employer, an employee must bring a claim within three years of the day such claim accrues." *Sandoval v. Union Pacific Railroad Company*, 396 F. Supp. 2d 1269, 1270 (D. N. M. 2005) (citing 45 U.S.C. § 56). "[A] FELA claim accrues when the plaintiff knows or should know that his injury is merely work-related." *Matson v. Burlington Northern Santa Fe Railroad*, 240 F.3d 1233, 1236 (10th Cir. 2001) (citation omitted). "Therefore, the relevant inquiry in this case is when [Mr. Boomhower] knew or should have known there was a causal relation between his employment" with BNSF and his low back injury. *Matson*, 240 F.3d at 1236.

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). There is evidence in the record that Mr. Boomhower had experienced low back pain for a long period of time and had associated it with the work he was performing for BNSF. There is also evidence in the record that, while Mr. Boomhower experienced intermittent back pain during the years he worked for BNSF, he never had chronic pain or problems with his low back until mid-2004. The burden of proof on the affirmative defense of the statute of limitations rests on BNSF. *Fonseca v. Consolidated Rail Corp.*, 246 F.3d 585, 590 (6th Cir. 2001) (citations omitted). However, once BNSF produces evidence that Mr. Boomhower would or should have known of the injury and its cause more than three years before suit was filed – for example, by pointing to a diagnosis of a related injury – it becomes Mr. Boomhower's burden to present evidence to the contrary. A genuine issue of fact exists as to whether the low back pain

2

symptoms that Mr. Boomhower experienced between 1975 and 2004 were indicative of an injury separate from the symptoms that he experienced within 3 years of his lawsuit. This factual dispute is more properly resolved at trial by the jury than by the court on summary judgment.

BNSF has moved for summary judgment on the Second Claim for Relief for lack of evidence of BNSF's negligence. A FELA plaintiff must provide more than a scintilla of evidence of the defendant's negligence to survive a motion for summary judgment, "but not much more." *Aparicio v. Norfolk & Western Ry. Co.*, 84 F.3d 803, 810 (6th Cir. 1996) (overruled on other grounds). If "the proofs justify with reason the conclusion that e[m]ployer negligence played any part, even the slightest, in producing the injury . . . for which damages are sought," the question of negligence must go to the jury. *Rogers v. Missouri Pac. R.R. Co.*, 352 U.S. 500, 506 (1957). Nevertheless, FELA is not a strict liability statute and a workplace injury alone is not sufficient to establish negligence. *Kuberski v. New York Cent. R.R. Co.*, 359 F.2d 90, 93 (2nd Cir. 1966); *see also Moore v. Chesapeake & O.Ry. Co.*, 340 U.S. 573, 577-78 (1951) (even under FELA, "[s]peculation cannot supply the place of proof," and some proof of negligence of defendant is required). The facts underlying the Second Claim for Relief are sufficiently disputed such that summary judgment is not appropriate at this time.

Accordingly,

IT IS ORDERED that Defendant's Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56" (filed September 17, 2007) (doc. # 28) is DENIED WITHOUT PREJUDICE at this stage of the litigation.

DATED at Denver, Colorado, this 15th day of September, 2008.

BY THE COURT:


   s/Craig B. Shaffer
United States Magistrate Judge